THE PEOPLE *ex rel.* Henry Weber, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 25, 1911.*

TAXES—*when county tax rate should be forty-five cents.* Where reduction of tax rates to three per cent, as required by the act of 1909, brings the county tax below the minimum fixed by said act, the county clerk should extend such tax at the minimum rate, which, in counties having a population of less than 300,000, is forty-five cents on each $100 of assessed valuation.

APPEAL from the County Court of Shelby county; the Hon. J. K. P. GRIDER, Judge, presiding.

C. E. POPE, and WALTER C. HEADEN, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county tax extended against the property of the Toledo, St. Louis and Western Railroad Company, the appellant, in Shelby county, for the year 1909, was $1748.61. Appellant paid $1430.69 and objected to the application of the county collector for judgment against its property for the remainder. The court overruled the objection and rendered judgment, from which this appeal was taken.

The appropriations made by the board of supervisors for county purposes at the September meeting in 1909 amounted to $75,000, requiring a tax rate of fifty-five cents on each $100 of taxable property in the county, and the county clerk extended the tax at that rate. He did not reduce the taxes as required by section 2 of the act concerning the levy and extension of taxes, as amended in 1909, (Laws of 1909, p. 323,) and this was the ground of the objection. A ratable reduction of the aggregate taxes subject to reduction to three per cent of the assessed valuation of property would have brought the county tax below forty-five cents on each $100 of assessed valuation, but Shelby county having a population of less than 300,000, the county tax could not be reduced below that rate. The county clerk was required to reduce the county tax to forty-five cents on each $100 of assessed valuation, and that was the amount paid by appellant. The excess was illegal and the court erred in not sustaining the objection.

The judgment is reversed and the cause remanded, with directions to sustain the objection and deny the application for judgment.

*Reversed and remanded, with directions.*